ESTATE OF DONALD WOELBING, DECEASED, by PAUL A. WOELBING AND ERIC D. WOELBING, EXECUTORS, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Woelbing v. Comm'r
Docket No. 30261-13
United States Tax Court
2015 U.S. Tax Ct. LEXIS 12; January 23, 2015, Filed
*12 For Petitioner: Maureen A. McGinnity, Katherine D. Spitz, Foley & Lardner LLP, Milwaukee, WI.
For Respondent: GEORGE W. BEZOLD, Senior Counsel, Milwaukee, WI.
Ronald L. Buch
JOINT MOTION FOR CONTINUANCE
The parties jointly move, pursuant to the provisions of Rule 133 of the Tax Court's Rules of Practice and Procedure, that the Court remove this case from the trial session scheduled to commence in Milwaukee, Wisconsin on March 16, 2015 and continue this case generally pending discussions with IRS Appeals,
IN SUPPORT THEREOF, the parties respectfully state as follows:
1. The Petition in the above-captioned matter was filed on December 26, 2013. After receiving an agreed-upon extension of time from the Court, Respondent timely answered the Petition on April 30, 2014.
2. The issues in this case are complex, including:
a. Whether I.R.C. § 2702 applies to the sale of shares of stock in consideration of a promissory note bearing interest at the applicable federal rate and with a principal amount equal to the shares' appraised fair market value ("the 2006 stock transaction");
b. If § 2702 applies, the valuation of said shares of stock and of certain real property as it relates to gift tax liability;
c. Whether the *13 promissory note involved in the 2006 stock transaction was an estate asset;
d. Whether the 2006 stock transaction was a bona fide sale for adequate and full consideration for purposes of I.R.C. § 2036;
f. Whether the promissory note provided in the 2006 stock transaction was the personal and enforceable obligation of Mr. Woelbing;
g. The valuation of Mr. Woelbing's estate tax marital deduction;
h. The effect of a Split-Dollar Insurance Agreement on the tax consequences of the 2006 stock transaction;
i. The effect of the execution of personal guarantees on the tax consequences of the 2006 stock transaction;
3. Although this case proceeded through a lengthy administrative audit process prior to the issuance of the Notice of Deficiency leading to the commencement of this case, this matter was never referred to IRS Appeals prior to the filing of the Petition.
4. I.R.S. Treasury regulations and procedures require, that matters that have not been through the IRS Appeals process prior to the issuance of a notice of deficiency be provided an opportunity for resolution in IRS Appeals following the filing of a Petition and an Answer in the Tax Court.
5. Counsel for the Respondent in this matter raised concern in *14 Respondent's Answer that Petitioners were not proper representatives. Petitioners have since received appointment letters from the probate court confirming they do have the authority to prosecute this action. Counsel for the Respondent agrees that these letters confirm that authority.
6. The parties jointly agree that additional time to complete the discovery process, prepare expert reports, prepare a stipulation of the facts, and to discuss settlement is necessary in light of the complex issues to be resolved by the Court in this matter. Due to the additional time required for Respondent to file its answer, discovery has not yet begun in earnest and the parties will require additional time to prepare the issues for efficient resolution at trial.
WHEREFORE, the parties jointly request that this motion be granted and that the case be removed from the March 16, 2015 trial calendar in Milwaukee, Wisconsin. The parties further request that the Court refrain from placing this matter on a trial calendar until the parties have had an opportunity to pursue resolution through IRS Appeals.
GRANTED
Continued Generally
January 23, 2015.
s/ Ronald L. Buch, Judge